CASE NO. 24-1061

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

| | |
|---|---|
| ORTHO-TAIN, INC., a Puerto Rico corporation | ) ) ) |
| Defendant – Appellant, | ) ) |
| v. | ) ) |
| VIVOS THERAPEUTICS, INC., a Delaware Corporation | ) ) ) |
| Plaintiff – Appellee. | ) |

On Appeal from the United States District Court
For the District of Colorado
The Honorable Judge William J. Martinez
Civil Action No. 20-cv-01634-WJM-JPO

**PLAINTIFF-APPELLEE
VIVOS THERAPEUTICS, INC'S REPLY IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF JURISDICTION**

Pursuant to Federal Rule of Appellate Procedure 27(a)(4), Plaintiff-Appellee Vivos Therapeutics, Inc. ("Vivos") submits this reply in support of its motion to dismiss Defendant-Appellant Ortho-Tain, Inc.'s ("Ortho-Tain") appeal for lack of jurisdiction, and states as follows:

1

## **INTRODUCTION**

Ortho-Tain's Response to Vivos's motion to dismiss ("Response") concedes that this Court lacks jurisdiction under 28 U.S.C. § 1292(b) and concedes that the District Court's Order does not present a final order. Thus, Ortho-Tain directs its efforts toward application of the so called "collateral order" doctrine, which creates a narrow exception to the rule of finality set forth in 28 U.S.C. § 1291. These efforts fail. In its Response, Ortho-Tain fails to address any of the three elements required for application of the collateral order doctrine, or that the District Court's denial turns on an issue of law. Instead, Ortho-Tain dedicates its briefing almost entirely to arguing the merits of its litigation privilege as applied to the Spring 2020 communications, and disputed factual issues in the record to support its substantive argument. The collateral order doctrine does not apply and this Court lacks jurisdiction.

Similarly, Ortho-Tain's request for pendent appellate jurisdiction should be denied because there is no valid appealable issue to which pendent jurisdiction could attach, and, in any event, the issues Ortho-Tain identifies for appeal under this doctrine—which relate to the formalities of Vivos's pleading of the Amended Complaint before the District Court—do not satisfy the applicable test. In particular, these issues are not "inextricably intertwined" with Ortho-Tain's privilege argument and need not be resolved to ensure meaningful review of this argument. Further,

contrary to Ortho-Tain's assertions, a decision regarding litigation privilege as applied to the Spring 2020 Communications would not dismiss the First Amended Complaint in its entirety, nor fully bar Ortho-Tain from liability and damages. This appeal should be dismissed for lack of jurisdiction.

## ARGUMENT

### I.   ORTHO-TAIN CONCEDES THAT ITS APPEAL IS NOT PROPER UNDER 28 U.S.C. § 1292(B)

In its Response, Ortho-Tain makes no attempt to justify its appeal under 28 U.S.C. § 1292(b) or explain what procedural steps it took to garner approval for the appeal from the District Court or this Court. In fact, Ortho-Tain failed to obtain certification from the District Court and failed to obtain permission from this Court. *See* 28 U.S.C. 1292(b). Thus, it is undisputed that this appeal is not a proper interlocutory appeal, and jurisdiction—if any—must arise under § 1291.

### II.   ORTHO-TAIN'S APPEAL IS IMPROPER UNDER 28 U.S.C. § 1291.

#### A. Ortho-Tain Concedes That It Does Not Appeal From a "Final Decision."

Turning to jurisdiction under § 1291, Ortho-Tain again makes no meaningful argument that the District Court's denial of Ortho-Tain's motion to dismiss ("Order") constitutes a final decision subject to appeal, other than conclusory statements that it simply is "final." Ortho-Tain has thus conceded this point, relying solely on the narrow "collateral order" exception to § 1291's finality requirement.

### B. Ortho-Tain's Purported "Privilege to Defame" Does Not Qualify For The Collateral Order Exception.

Ortho-Tain's appeal does not qualify for collateral order exception to § 1291's finality requirement. As explained in Vivos' motion to dismiss this appeal, under the collateral order doctrine, a non-final district court decision is immediately appealable under § 1291 only if it (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. *E.g.*, *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468–69 (1978) *superseded on other grounds by rule as recognized in Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1715 (2017*)*. If the order at issue fails to satisfy any one of these requirements, it is not an appealable collateral order. *E.g.*, *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988). However, an order that denies "a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *see also Weise v. Casper*, 507 F.3d 1260, 1264 (10th Cir. 2007) ("it is well-established that denials of qualified immunity based on a motion to dismiss are only immediately appealable to the extent they turn on issues of law.").

Ortho-Tain has failed to address any of these elements in its Response, nor has it established that the District Court's denial of the motion to dismiss as to

litigation privilege turns on an issue of law. In particular, it has failed to respond to Vivos's explanation in the present motion that District Court's Order (1) does not conclusively determine the disputed question of privilege because this issue requires further factual development regarding issues such as the intent of Ortho-Tain's counsel at the time of the communications at issue, Mot. at 8; (2) does not resolve an issue "completely separate" from the merits because it is closely related to Vivos's defamation claim, *id.* at 8-9;  and (3) does not address an issue that is "effectively unreviewable" on appeal from final judgment because the District Court will need to address the issue at summary judgment and/or trial, *id.* at 9. So the appeal should be dismissed. *Gray v. Baker*, 399 F.3d 1241, 1248 (10th Cir. 2005) (dismissing appeal of district court's refusal to apply qualified immunity for lack of appellate jurisdiction because of appellant's failure to satisfy all three elements of the collateral order doctrine).

Instead, Ortho-Tain argues the merits of its appeal by asserting that there is a sufficient record.[1] Ortho-Tain's argument addresses only the Spring 2020 communications – those with Benco's counsel – and not the other communications

---

[1] Ortho-Tain also claims there are no issues of "bad faith" in the Illinois case as it has already denied Vivos/Benco motion to dismiss. Resp. at 7. The Illinois court recognized that the central issue in this action was identical to the one in the Illinois case, and thus ordered that the Illinois case be stayed. However, the stay was later lifted while this Colorado case was waiting for an order from the District Court after the remand from the Tenth Circuit. Since the stay was lifted, Vivos and Benco filed motions to dismiss in the Illinois case, which are currently awaiting an order.

that have been raised in the case. There are factual disputes regarding the communications, contrary to Ortho-Tain's assertions. Ortho-Tain devotes a substantial portion of its Response to arguing the factual allegations, citing to the record. However, these citations are largely to the documents that Ortho-Tain attached to its first motion to dismiss, not allegations that were contained in the First Amended Complaint. This demonstrates there are issues of fact related to the communications and as to the application of litigation privilege. This only further supports that this Court does not have jurisdiction over this appeal. "If a district court cannot rule on the merits of a qualified immunity defense at the dismissal stage because the allegations in the pleadings are insufficient as to some factual matter, the district court's determination is not immediately appealable." *Weise*, 507 F.3d at 1264.

In granting the motion to dismiss, the District Court appropriately refused to engage in factfinding to determine whether the Spring 2020 communications were made in good faith contemplation of litigation. (R-19). This is not a legal decision whatsoever, explicit or implicit, on the merits of Ortho-Tain's motion to dismiss. *See id.* at 1265-66 ("The district court only determined that the allegations in the complaint even taken as true did not adequately address whether Defendants were entitled to assert qualified immunity, and thus ordered discovery on that question. Accordingly, the district court's interlocutory order is not appealable.").

6

Further, Ortho-Tain completely dismisses that this Court has previously ruled on this very issue. In the prior appeal, the Tenth Circuit had refused to exercise jurisdiction to review portions of the question of immunity that did not turn on legal questions. *Vivos Therapeutics, Inc. v. Ortho-Tain, Inc.*, Case No. 21-1309, 2022 WL 2223141, *3-4 (10th Cir. 2022). This is not a new opportunity for Ortho-Tain to seek appellate review of issues already previously appealed, which this Court refused to exercise jurisdiction over, and which Ortho-Tain did not further appeal.

Here, Ortho-Tain asks this court to expand the collateral doctrine to include issues of sufficiency of the pleadings, and beyond issues of law. Expanding the application of the collateral order doctrine here would serve a blow to judicial economy. As the Supreme Court has explained, "virtually every right that could be enforced appropriately by pretrial dismissal might loosely be described as conferring a 'right not to stand trial.'" *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873 (1994). However, permitting immediate appeal of all such arguments would "damage … the efficient and congressionally mandated allocation of judicial responsibility" and "saddle [the appellee] with cost and delay." *Id.* Thus, "§ 1291 requires courts of appeals to view claims of a 'right not to be tried' with skepticism, if not a jaundiced eye." *Id.* The Court should approach Ortho-Tain's appeal with such skepticism, and reject the effort to expand the collateral order doctrine by rejecting jurisdiction here.

## III.   THE COURT SHOULD NOT EXERCISE PENDENT APPELLATE JURISDICTION.

Finally, there is no reason for this Court to exercise pendent appellate jurisdiction to review procedural arguments Ortho-Tain raises in its Response, including whether Vivos was permitted to amend its Complaint and whether it properly pleaded its Amended Complaint. *See* Resp. at 16-21. Pendent appellate jurisdiction is a "discretionary" doctrine that permits a court of appeals to exercise jurisdiction over an "otherwise nonfinal and nonappealable lower court decision that underlines with an appealable decision." *Cummings v. Dean*, 913 F.3d 1227, 1235 (10th Cir. 2019) (quotations omitted) (emphasis added). Pendent appellate jurisdiction "is generally disfavored" and is invoked only "sparingly" by this Court. *Cox v. Glanz*, 800 F.3d 1231, 1255–56 (10th Cir. 2015) (quotations omitted). The exercise of pendent appellate jurisdiction is "*only* appropriate in either of two scenarios: (1) when the otherwise nonappealable decision is inextricably intertwined with the appealable decision, or (2) where review of the nonappealable decision is necessary to ensure meaningful review of the appealable one." *Cummings*, 913 F.3d at 1235 (emphasis in original, quotations omitted). Neither scenario is present here.

As a threshold matter, Ortho-Tain has failed to identify an appealable issue to which pendent jurisdiction could attach, meaning that neither scenario identified in *Cummings* applies. Further, Ortho-Tain admits that the nonappealable issues are not related to the issue of litigation privilege. *See* Resp. at 18. As this Court's decision

in *Cummings* makes clear, the existence of an appealable issue is a prerequisite to this Court's discretionary exercise of pendent appellate jurisdiction under either scenario. *Id.* at 1235. As demonstrated above, no appealable issue exists here: Ortho-Tain does not have the right to appeal the District Court's decision because it was a non-final decision. Accordingly, Ortho-Tain's request for this Court to exercise pendent appellate jurisdiction fails out of the gate.

Next, even if Ortho-Tain had identified an appealable issue, none of the issues Ortho-Tain asserts are appealable under the pendent jurisdiction doctrine qualify under either scenario set forth in *Cummings.*

*First,* Ortho-Tain's purported pendent appellate issues are not "inextricably intertwined" with the District Court's immunity ruling. *Cummings*, 913 F.3d at 1235. A pendent claim may be regarded as inextricably intertwined with a properly reviewable claim on collateral appeal "only if the pendent claim is coterminous with, or subsumed in, the claim before the court on interlocutory appeal—that is, when the appellate resolution of the collateral appeal necessarily resolves the pendent claim as well." *Estate of Ceballos v. Husk*, 919 F.3d 1204, 1221 (10th Cir. 2019) (quotation omitted). Simply put, as this Court had determined prior, the District Court's decision that Vivos properly amended its Complaint and pleaded its Amended Complaint has nothing to do with the immunity issue raised in Ortho-

Tain's appeal, and the issues are far from inextricably intertwined. *See Vivos v. Ortho-Tain*, Case No. 21-1309, 2022 WL 2223141 at *4.

*Second* and similarly, review of these issues is not required to ensure "meaningful review" of the privilege issue. *Cummings*, 913 F.3d at 1235. Indeed, it is difficult to understand why review of Vivos's ability to amend its Complaint and re-incorporate prior paragraphs in the Complaint by reference have any bearing whatsoever on the privilege issues at the center of Ortho-Tain's appeal—all the more so because these collateral pleading issues pertain to Vivos's Amended Complaint, while the privilege issue has been present since Vivos's original Complaint. This Court has previously determined that a "review of the interlocutory rulings is unnecessary to ensure meaningful review of the immunity questions." *Vivos v. Ortho-Tain*, Case No. 21-1309, 2022 WL 2223141 at *4 Ortho-Tain has no basis for invoking pendent appellate jurisdiction, and its request to exercise this discretionary jurisdiction should be denied.

## CONCLUSION

For all of the above reasons, the Court should dismiss Ortho-Tain's appeal.

Dated: March 26, 2024

/s/ Michael A. Gehret
Michael A. Gehret, UT Bar No. 11890
Armstrong Teasdale LLP
222 South Main St., Suite 1830
Salt Lake City, UT 84101
Telephone:  801.638.8945
Facsimile:  720.200.0679
mgehret@atllp.com

Mamie Ling, CO Bar No. 49483
Armstrong Teasdale LLP
4643 South Ulster Street, Suite 800
Denver, CO 80237
Telephone:  720.200.0676
Facsimile:  720.200.0679
mling@atllp.com

*Attorneys for Plaintiff-Appellee Vivos*
*Therapeutics, Inc.*

**Certificate of Compliance with Type-Volume Limit**

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(C) because, excluding parts of the document exempted by Fed. R. App. P. 32(f), if any, this document contains 2159 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. (a)(6) because this document has been prepared in a proportionally spaced typeface (Windows) in 14-point font, *Times New Roman.*

> */s/ Michael A. Gehret*
> Michael A. Gehret
> Armstrong Teasdale LLP
> 222 South Main St., Suite 1830
> Salt Lake City, UT 84101
> Telephone:  801.638.8945
> Facsimile:  720.200.0679
> mgehret@atllp.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion to Dismiss was served on March 26, 2024 via ECF to:

Nathan I. Neff
Neff Law Group, PC
414 N. Orleans, Ste. 210
Chicago, IL 60654
nathan@nefflawgroup.com
*Counsel for Defendant-Appellant*
*Ortho-Tain, Inc.*

*/s/Yasmine Murphy*